**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ADMIRAL INSURANCE COMPANY,**

               **Plaintiff,**

**-vs-**                                                          Case No. 6:09-cv-1034-Orl-28DAB

**JEROME D. MITCHELL, JEROME D.
MITCHELL, P.A.; and FIFTH THIRD
BANK,**

               **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST FIFTH THIRD BANK (Doc. No. 17)
>
> **FILED:** August 14, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and any claim against Defendant Fifth Third Bank be **dismissed**.

Plaintiff Admiral Insurance Company (herein "Admiral") filed a complaint for rescission and declaratory judgment against Defendants Jerome D. Mitchell ("Mitchell"), Jerome D. Mitchell, P.A. ("the PA"), and Fifth Third Bank ("the Bank"). According to the complaint (Doc. No. 1), Admiral seeks rescission of a Lawyers' Professional Liability Insurance Policy issued to the PA. Alternatively, Admiral seeks a declaration that it has no duty to defend or indemnify Mitchell in connection with a lawsuit filed against him by the Bank, and that Admiral has no duty to indemnify

Mitchell for legal fees, costs and expenses incurred by him in connection with a Florida Bar complaint. Admiral alleges that Mitchell has tendered defense of the lawsuit to Admiral and has also requested that Admiral indemnify him for legal fees, costs and expenses incurred in connection with the Florida Bar complaint (Doc. No. 1 at Allegation 17). *Admiral seeks no relief against the Bank.*

Following service on the Bank and the entry of a clerk's default for failure to answer, Admiral now seeks entry of a default judgment against the Bank "that provides that Fifth Third Bank is bound by the judgment, if any, entered by the Court in this action, and that Fifth Third Bank is forever barred from litigating whether Admiral Policy No. 9862623, effective October 9, 2008 to October 9, 2009, issued to Jerome D. Mitchell, P.A., provides coverage for Jerome Mitchell in Fifth Third Bank v. Attorneys' Title Insurance Fund, Inc., et al., Case No. 2009-CA-007990-O in the Circuit Court of the Ninth Judicial Circuit, Orange County, Florida." Because the Court finds no case or controversy present with respect to the Bank and Admiral, it is **respectfully recommended** that the motion be **denied** and the claim against the Bank (to the extent there is one) be **dismissed.**

*Case or Controversy*

In its motion, Admiral notes that it named the Bank as a defendant here "solely as an interested party, and to ensure that the Bank would be bound by the judgment of rescission and/or declaration, if any, entered by the Court." (Doc. No. 17 at para. 2). As there does not appear to be any justiciable case or controversy with respect to the Bank, however, the Court is without jurisdiction to grant the relief sought.

The Eleventh Circuit has noted:

Article III, section two of the Constitution limits the exercise of judicial power to "cases" and "controversies." The declaratory judgment act, in its reference to "'cases of actual controversy' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 57 S.Ct. 461, 463-64, 81 L.Ed.

617 (1937). Congress did not broaden the jurisdiction of the federal courts via the declaratory judgment act, but rather provided a new procedural device for handling controversies over which the courts already have jurisdiction. *Id*. at 240, 57 S.Ct. at 463; *First Federal Savings and Loan Ass'n of Lake Worth v. Brown*, 707 F.2d 1217, 1220 (11th Cir. 1983). Thus, the declaratory judgment action "affects exclusively matters of practice, pleadings and forms and modes of proceedings." Borchard, Declaratory Judgments 231 (2d ed 1941). The Act does not affect requirements for the exercise of federal jurisdiction. *First Federal v. Brown*, 707 F.2d at 1220; *Seibert v. Baptist*, 594 F.2d 423, 428 (5th Cir.), *rev'd on other grounds*, 599 F.2d 743 (1979). Since the jurisdictional limits under the declaratory judgment act mirror those found in the Constitution, this court does not have subject matter jurisdiction over the issue presented unless the issue is a "case or controversy."

The Supreme Court in *Aetna v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), explained the case or controversy requirement for federal jurisdiction:

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Id*. at 240-41, 57 S.Ct. at 463-64. (citations omitted). Courts have found the case or controversy requirement lacking when the plaintiff has no interest in the case, when the defendant has no interest in the case, when no conflict exists in the case, when there is no adverse claimant, when there is no conflict in the case because of a defect in the parties and when there is no legal relationship between the parties.

*Provident Life & Acc. Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1490-1491 (11th Cir.1988) (holding no case or controversy between two insurers).

Applying the test here, the Court finds no legal relationship between the Bank and Admiral, and no conflict between them. Initially, the Court notes that Admiral is not a party to the underlying action, there is no assertion that the Bank has made any claim against Admiral, nor is the Bank alleged to be a party to the Policy. While the Policy purports to provide professional liability insurance to Mitchell, an attorney, Florida courts have generally limited an attorney's liability for negligence in the performance of his professional duties to clients with whom the attorney shares privity of contract. *Angel, Cohen & Rogovin v. Oberon Inv.*, 512 So.2d 192 (Fla.1987), or, alternatively, the plaintiff must

-3-

be an intended third-party beneficiary. *Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner*, 612 So.2d 1378 (Fla. 1993). Here, however, there is no allegation that the Bank is in privity with Mitchell as its counsel, nor does the Bank claim that is an intended third party beneficiary under the Policy. Indeed, the underlying state suit against Mitchell and the Fund does *not* purport to be a suit for attorney malpractice.

The Bank sued Mitchell in his capacity as a closing agent for the Fund, and alleged that he committed several irregularities with respect to a closing of a loan and failure to issue a title insurance policy following the issuance of a title commitment. The Bank alleged that it relied on the title commitment and representations of Mitchell as an agent of the Fund, in releasing funds to the borrower. The Bank sued Mitchell for fraudulent inducement and for conversion (Doc. No. 1-3), not for negligence or attorney malpractice. The suit does not mention the Admiral policy, nor has the Bank alleged that Mitchell was acting as its counsel or that it was in an attorney-client relationship with Mitchell with respect to the circumstances alleged. Admiral is trying to foreclose a claim that has never been raised. This is the very definition of an advisory opinion and falls without the jurisdiction of this Court. Absent any identifiable adversity or conflict, the inclusion of the Bank on the basis of a purported status as "an interested party" is insufficient to establish jurisdiction here.[1]

It is therefore **respectfully recommended** that the motion be **denied** and that the claim against the Bank be **dismissed, with prejudice.**

---

[1] Moreover, inclusion of the Bank for the sole stated purpose of binding it to the judgment is misguided. Absent any identifiable interest in the controversy, the Bank has no standing to challenge whatever ruling the Court may make with respect to the Policy. Just because others may have an opinion as to a suit, does not mean that they are entitled to be joined as a party in order to be heard or bound. Admiral can no more grant standing to the Bank than it could to any random person lacking a tangible connection to the Policy.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 24, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy